IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Case No. 24-13087-A
District Court Docket No. 0:24-cv-61442-RS

COURTNEY MORGAN, M.D.,

*Plaintiff-Appellee,*

v.

WALGREEN CO.,

*Defendant-Appellant.*

**DEFENDANT-APPELLANT WALGREEN CO.'S
NOTICE OF FILING DISTRICT COURT'S
ORDER DENYING MOTION FOR RECONSIDERATION**

Elliot B. Kula
KULA & ASSOCIATES, P.A.
12000 Biscayne Blvd., Ste. 221
Miami, Florida 33181
Telephone: (305) 354-3858
eservice@kulalegal.com
elliot@kulalegal.com
*Counsel for Defendant-Appellant Walgreen Co.*

*Morgan v. Walgreen Co.*
<u>Case No. 24-13087-A</u>

**CERTIFICATE OF INTERESTED PERSONS
AND
<u>CORPORATE DISCLOSURE STATEMENT</u>**

Defendant-Appellant, WALGREEN CO., submits this list, which includes the trial judge, and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this review:

1. Akerman, LLP, *Attorneys for Defendant-Appellant*
2. Anderson & Welch, LLC, *Attorneys for Plaintiff-Appellee*
3. Chaplin, Erica F., Esq., *Attorney for Plaintiff-Appellee*
4. Daniel, W. Aaron, Esq., *Attorney for Defendant-Appellant*
5. Kula & Associates, P.A., *Attorneys for Defendant-Appellant*
6. Kula, Elliot B., Esq., *Attorney for Defendant-Appellant*
7. Malvin, Tamara S., Esq., *Attorney for Defendant-Appellant*
8. Morgan, Courtney, M.D., *Plaintiff-Appellee*
9. Quintairos Prieto Wood & Boyer, PA, *Attorneys for Defendant-Appellant*
10. Schlafly, Andrew L., Esq., *Attorney for Plaintiff-Appellee*
11. Smith, Hon. Rodney, *U.S. District Court Judge*
12. Tarlow, David Michael, *Attorney for Defendant-Appellant*
13. Walgreens Co. (WAG), *Defendant-Appellant*

*Morgan v. Walgreen Co.*
**Case No. 24-13087-A**

**CERTIFICATE OF INTERESTED PERSONS
AND
CORPORATE DISCLOSURE STATEMENT**
(Continued)

Pursuant to Federal Rule of Appellate Procedures 26.1 and Eleventh Circuit Rules 26.101 through 26.1-3, Defendant-Appellant, Walgreen Co., makes the following statement as to corporate ownership:

(i)   WALGREEN CO., Defendant-Appellant, is a wholly owned subsidiary of Walgreens Boots Alliance, Inc., a Delaware corporation that has issued shares to the public which are listed on NASDAQ (WBA).  Walgreen Co. has no subsidiaries or affiliates that have issued shares to the public and that no other publicly held corporation owns 10% or more of its stock.

(ii)  COURTNEY MORGAN is an individual.

/s/ **Elliot B. Kula**
Elliot B. Kula

# DEFENDANT-APPELLANT WALGREEN CO.'S
# NOTICE OF FILING DISTRICT COURT'S
# ORDER DENYING MOTION FOR RECONSIDERATION

Defendant-Appellant, Walgreen Co., by and through undersigned counsel, pursuant to the Court's April 24th Order granting an abatement of this appeal, hereby notices the filing of the "Order Denying Motion for Reconsideration" entered by the District Court on May 5, 2025. *See* DE:73.

The Order Denying Motion for Reconsideration is attached hereto.

1. This appeal is taken from a preliminary injunction.

2. On February 20th, after the filing of the principal briefs, the District Court entered its Order Granting Motion to Dismiss (the "Dismissal Order") upon finding that Plaintiff-Appellee, Courteny Morgan, M.D., failed to join the State of Florida as an indispensable party.

3. On April 24th, upon Walgreen Co's motion, the Court abated this appeal pending a decision by the District Court on Dr. Morgan's Motion for Reconsideration, filed pursuant to Federal Rule of Civil Procedure 59(e), and directed Appellant "to promptly file a notice when the decision is issued."

4. On May 5th, the District Court entered its Order Denying Motion for Reconsideration. *See* DE: 73.

5.      Upon entry of the Final Judgment in Walgreen Co.'s favor, the undersigned will promptly notice the voluntary dismissal of this appeal.

Respectfully submitted,

Elliot B. Kula
Florida Bar No. 003794
KULA & ASSOCIATES, P.A.
12000 Biscayne Blvd., Ste. 221
Miami, Florida 33181
Telephone: (305) 354-3858
eservice@kulalegal.com
elliot@kulalegal.com
*Counsel for Defendant-Appellant Walgreen Co.*

By: /s/ **Elliot B. Kula**
Elliot B. Kula

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2025, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system. I also hereby certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ **Elliot B. Kula**
Elliot B. Kula

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61442-CIV-SMITH

COURTNEY MORGAN, M.D.,

    Plaintiff,

vs.

WALGREEN CO.,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff's Rule 59(e) Motion for Reconsideration [DE 70], Defendant's Response in Opposition [DE 71], and Plaintiff's Reply [DE 72]. On February 19, 2024, this Court issued its Order Granting Motion to Dismiss [DE 69] (the "Order"), which dismissed Plaintiff's action for failure to join an indispensable party, the State of Florida, and because joining Florida would defeat diversity jurisdiction. Plaintiff now seeks reconsideration of the Order, pursuant to Federal Rule of Civil Procedure 59(e). For the reasons that follow, the Motion is denied.

I.    BACKGROUND

Plaintiff's Amended Complaint alleged diversity jurisdiction and pled two counts against Defendant ("Defendant" or "Walgreens"): (1) tortious interference with a business relationship and (2) injunctive relief. Defendant moved to dismiss, raising several arguments in support of dismissal, including failure to join an indispensable party. Defendant argued that the state of Florida was an indispensable party and that adding Florida as a party "would divest the Court of diversity jurisdiction." (Mot. to Dismiss [DE 50] at 14.) In his response, Plaintiff argued that

Florida was not an indispensable party but did not address whether adding Florida as a party would divest the Court of diversity jurisdiction, as argued by Defendant.

The Court granted Defendant's Motion to dismiss after finding that the state of Florida was an indispensable party and that adding Florida as a party would destroy the Court's diversity jurisdiction. Consequently, the Court dismissed this action without granting Plaintiff leave to amend his Amended Complaint. Plaintiff now seeks reconsideration of that order.

## II.     RULE 59(e) STANDARD

The only grounds for granting a Rule 59(e) motion are newly discovered evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

> A motion for reconsideration cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005). This prohibition includes new arguments that were "previously available, but not pressed." *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam) (motion to alter judgment properly denied where plaintiffs waited until after case was dismissed to raise argument that Virginia law applied, rather than Florida law).

*Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009). When a litigant simply thinks a district court's ruling is wrong, the proper remedy is to appeal the ruling, not to seek reconsideration. *Jacobs v. Tempur-Pedic International, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Thus, reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).

## III.    DISCUSSION

Plaintiff argues that the Court erred in finding that adding Florida as a party would destroy the Court's jurisdiction because he would have brought a claim against Florida pursuant to 42 U.S.C. § 1983; thus, the Court would have federal question jurisdiction if Plaintiff were permitted to file a second amended complaint. However, Plaintiff failed to raise this argument in his

2

Response in Opposition to Defendant's Motion to Dismiss ("Opposition").

Plaintiff's Complaint alleged diversity jurisdiction. Defendant's Motion to Dismiss argued that, if Florida were added as a party, diversity jurisdiction would be lost. Plaintiff, in his Opposition, did not argue that, if he were required to add Florida as a party, the Court would have federal question jurisdiction because Plaintiff would bring claims under § 1983. While Plaintiff's Opposition sought leave to amend his Amended Complaint if the Court granted the Motion to Dismiss, the Opposition did not address the loss of jurisdiction issue. Thus, Plaintiff failed to raise the jurisdiction issue previously. As set out above, a failure to raise an argument that was previously available but was not raised, is not a basis for a motion for reconsideration.

Moreover, a "party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed." *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (quoting *Kramer v. Gwinnett Cnty., Ga.,* 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004)). Thus, Plaintiff's failure to respond to the jurisdictional argument raised in Defendant's Motion to Dismiss amounted to a concession by Plaintiff that the Court would lose jurisdiction if Florida were added as a party. *See, e.g.*, *Hartford Steam Boiler Inspection & Ins. Co. v. Brickellhouse Condo. Ass'n, Inc.*, No. 16-CV-22236, 2016 WL 5661636, at *3 (S.D. Fla. Sept. 30, 2016) (determining the plaintiff "implicitly concede[d]" a point by failing to address the defendant's abstention argument in response to a motion to dismiss); *Cardwell v. Auburn Univ. Montgomery*, 941 F. Supp. 2d 1322, 1329 (M.D. Ala. 2013) (granting in part a motion to dismiss for lack of subject matter jurisdiction after the plaintiff "effectively conced[ed]" an argument by failing to respond to it in the responsive brief). Because Plaintiff conceded that the Court would lose jurisdiction if Florida were added as a party, the Court did not err in dismissing the case or in denying Plaintiff leave to amend.

Further, as the Court previously noted in its Order Granting Motion to Dismiss, Plaintiff has alternative forums in which to litigate this matter, including Florida state court and possibly the Florida Board of Pharmacy.

Accordingly, it is

**ORDERED** that Plaintiff's Rule 59(e) Motion for Reconsideration [DE 70] is **DENIED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 5th day of May, 2025.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record

4