IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Case No. 24-13087-A
District Court Docket No. 0:24-cv-61442-RS

COURTNEY MORGAN, M.D.,

*Plaintiff-Appellee,*

v.

WALGREEN CO.,

*Defendant-Appellant.*

**DEFENDANT-APPELLANT WALGREEN CO.'S
MOTION TO VOLUNTARILY DISMISS APPEAL AS MOOT**

Elliot B. Kula
KULA & ASSOCIATES, P.A.
12000 Biscayne Blvd., Ste. 221
Miami, Florida 33181
Telephone: (305) 354-3858
eservice@kulalegal.com
elliot@kulalegal.com
*Counsel for Defendant-Appellant Walgreen Co.*

*Morgan v. Walgreen Co.*
**Case No. 24-13087-A**

**CERTIFICATE OF INTERESTED PERSONS
AND
CORPORATE DISCLOSURE STATEMENT**

Defendant-Appellant, WALGREEN CO., submits this list, which includes the trial judge, and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this review:

1. Akerman, LLP, *Attorneys for Defendant-Appellant*

2. Anderson & Welch, LLC, *Attorneys for Plaintiff-Appellee*

3. Chaplin, Erica F., Esq., *Attorney for Plaintiff-Appellee*

4. Daniel, W. Aaron, Esq., *Attorney for Defendant-Appellant*

5. Kula & Associates, P.A., *Attorneys for Defendant-Appellant*

6. Kula, Elliot B., Esq., *Attorney for Defendant-Appellant*

7. Malvin, Tamara S., Esq., *Attorney for Defendant-Appellant*

8. Morgan, Courtney, M.D., *Plaintiff-Appellee*

9. Quintairos Prieto Wood & Boyer, PA, *Attorneys for Defendant-Appellant*

10. Schlafly, Andrew L., Esq., *Attorney for Plaintiff-Appellee*

11. Smith, Hon. Rodney, *U.S. District Court Judge*

12. Tarlow, David Michael, *Attorney for Defendant-Appellant*

13. Walgreen Co. (WAG), *Defendant-Appellant*

*Morgan v. Walgreen Co.*
Case No. 24-13087-A

**CERTIFICATE OF INTERESTED PERSONS
AND
CORPORATE DISCLOSURE STATEMENT**
(Continued)

Pursuant to Federal Rule of Appellate Procedures 26.1 and Eleventh Circuit Rules 26.101 through 26.1-3, Defendant-Appellant, Walgreen Co., makes the following statement as to corporate ownership:

(i) WALGREEN CO., Defendant-Appellant, is a wholly owned subsidiary of Walgreens Boots Alliance, Inc., a Delaware corporation that has issued shares to the public which are listed on NASDAQ (WBA). Walgreen Co. has no subsidiaries or affiliates that have issued shares to the public and that no other publicly held corporation owns 10% or more of its stock.

(ii) COURTNEY MORGAN is an individual.

/s/ **Elliot B. Kula**
Elliot B. Kula

C-2 of 2

## DEFENDANT-APPELLANT WALGREEN CO.'S
## MOTION TO VOLUNTARILY DISMISS APPEAL AS MOOT

Defendant-Appellant, Walgreen Co., by and through undersigned counsel, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure and 11th Circuit Rule 42-1(a), hereby moves the Court to approve the voluntary dismissal of this appeal as moot.

### PRELIMINARY STATEMENT OF MOOTNESS

This is an interlocutory appeal by Walgreen Co., seeking review of a preliminary injunction, and it's moot because the District Court on February 20th entered an Order Granting Motion to Dismiss (the "Dismissal Order") [DE:69], which Dismissal Order was rendered final on May 5th by the District Court's Order Denying Motion for Reconsideration [DE:73]. The underlying litigation having been dismissed, the preliminary injunction is dissolved as a matter of law, and there's no meaningful relief this Court can grant (there's no case in controversy). Indeed, the District Court in its Dismissal Order ordered that "[a]ll pending motions are denied as moot," and further directed that "[t]his case is closed." *Id.*

There is no reason for Walgreen Co. to proceed with this now moot interlocutory appeal, the preliminary injunction having been eradicated by the district court's final Dismissal Order in the underlying action, and thus Walgreen Co. seeks approval of the voluntary dismissal of this interlocutory appeal.

1

**RELEVANT PROCEEDINGS IN THE DISTRICT COURT**

1. This appeal is taken from a preliminary injunction.

2. On February 20th, after the filing of the principal briefs, the District Court entered its Order Granting Motion to Dismiss (the "Dismissal Order") upon finding that Plaintiff-Appellee, Courtney Morgan, M.D., failed to join the State of Florida as an indispensable party.

3. On April 24th, upon Walgreen Co.'s motion, the Court abated this appeal pending a decision by the District Court on Dr. Morgan's Motion for Reconsideration, filed pursuant to Federal Rule of Civil Procedure 59(e), and directed Appellant "to promptly file a notice when the decision is issued."

4. On May 5th, the District Court entered its Order Denying Motion for Reconsideration. *See* DE:73.

**THE APPEAL IS MOOT**

"[T]he life of the preliminary injunction [will have come] to an end, and it no longer [will have] a binding effect on any one." *State of Ala. v. EPA*, 871 F.2d 1548, 1553-54 (11th Cir.1989). *Accord Cypress Barn, Inc. v. Western Elec. Co.*, 812 F.2d 1363, 1364 (11th Cir.1987). "With the entry of the final judgment, the life of the preliminary injunction came to an end, and it no longer had a binding effect on [anyone]. The preliminary injunction was by its very nature interlocutory, tentative

2

and impermanent." *U.S. ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir. 1988) (citation and internal quotation marks omitted).[1]

This principle stems from the very purpose of a preliminary injunction, which is to preserve the status quo and the rights of the parties until a final judgment issues in the cause. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L.Ed.2d 175 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."); *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) ("A preliminary injunction ... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment."); *Erie Ins. Exch. v. Maryland Ins. Admin.*, 105 F.4th 145, 148 (4th Cir. 2024) (explaining that "a preliminary injunction plays no role in preserving the status quo once a lawsuit has reached final judgment, and this lawsuit ended the moment the district court dismissed Erie's complaint).[2]

---

[1] Stated otherwise, the preliminary injunction order merges into the final Dismissal Order, and its review would be part of any plenary appeal, in the form of a protective cross-appeal initiated by Walgreen Co. *E.g.*, *Zinman v. Nova Southeastern Univ.*, No. 21-11711-JJ, 2021 WL 7160514, *1 (11th Cir. Dec. 3, 2021).

[2] *See also* 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2947 (3d ed. 2013 & Supp. 2024) (discussing how "a preliminary injunction normally lasts until the completion of the trial on the merits, unless it is dissolved earlier by court order or the consent of the parties").

3

## CERTIFICATION OF CONFERRAL

The undersigned has conferred with Andrew L. Schlafly, Esq., Esq., as counsel for Dr. Morgan, who has stated that he opposes this motion.

## CONCLUSION

There is no reason for Walgreen Co. to continue with the prosecution of this now moot interlocutory appeal, the preliminary injunction having been eradicated by the district court's final Dismissal Order in the underlying action, and thus Walgreen Co. seeks approval of the voluntary dismissal of this interlocutory appeal.

Respectfully submitted,

Elliot B. Kula
Florida Bar No. 003794
KULA & ASSOCIATES, P.A.
12000 Biscayne Blvd., Ste. 221
Miami, Florida 33181
Telephone: (305) 354-3858
eservice@kulalegal.com
elliot@kulalegal.com
*Counsel for Defendant-Appellant Walgreen Co.*

By: /s/ **Elliot B. Kula**
Elliot B. Kula

4

## CERTIFICATE OF COMPLIANCE

I certify that this Motion complies with the type-volume limitation set forth in Rules 27(d)(2)(A) and 32(g)(1) of the Federal Rules of Appellate Procedure. This Motion uses Times New Roman 14-point typeface and contains <u>789</u> words.

<u>      /s/ <b>Elliot B. Kula</b>      </u><br>
Elliot B. Kula

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 23, 2025, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system. I also hereby certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>/s/ <b>Elliot B. Kula</b></u><br>
Elliot B. Kula