**Case No. 24-13087**

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

COURTNEY MORGAN, M.D.,

Plaintiff - Appellee

v.

WALGREEN CO.,

Defendant - Appellant

Appeal from the U.S. District Court for the
Southern District of Florida
District Court Docket No. 0:24-cv-61442-RS

**COURTNEY MORGAN, M.D.'S RESPONSE IN OPPOSITION TO WALGREEN CO.'S MOTION TO VOLUNTARILY DISMISS APPEAL AS MOOT**

Andrew L. Schlafly, Esq.
LAW OFFICE OF ANDREW L. SCHLAFLY
939 Old Chester Road
Far Hills, NJ 07931
Tel: (908) 719-8608
Fax: (908) 934-9207
Email: aschlafly@aol.com

Erica Chaplin, Esq.
ANDERSON & WELCH, LLC
500 S. Australian Ave., 6th Flr
West Palm Beach, FL 33401
Tel: (561) 832-3386
Fax: (561) 820-4867
Email: chaplinlaw@gmail.com
andewelch@andersonandwelch.com

*Counsel for Plaintiff-Appellee, Courtney Morgan, M.D.*

*Courtney Morgan, M.D. v. Walgreen Co.*
<u>Case No. 24-13087</u>

# CERTIFICATE OF INTERESTED PERSONS AND <u>CORPORATE DISCLOSURE STATEMENT</u>

Plaintiff-Appellee, COURTNEY MORGAN, M.D., respectfully submits the following list, which includes the trial judge, and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this review:

1. The Honorable Rodney Smith, *U.S. District Court Judge*

*Plaintiff/Appellee*

2. Courtney Morgan, M.D., *Plaintiff-Appellee*

*Counsel for Plaintiff/Appellee*

3. Anderson & Welch, LLC, *Attorneys for Plaintiff-Appellee*
4. Anderson, Esq., Kevin R., *Attorney for Plaintiff-Appellee*
5. Chaplin, Esq., Erica, *Attorney for Plaintiff-Appellee*
6. Schlafly, Esq., Andrew L., *Attorney for Plaintiff-Appellee*

*Defendant/Appellant*

7. Walgreens Co. (WAG), *Defendant-Appellant*

*Counsel for Defendant/Appellant*

8. *Akerman, LLP, *Attorneys for Defendant-Appellant*
9. Daniel, W. Aaron, Esq., *Attorney for Defendant-Appellant*
10. Kula & Associates, P.A., *Attorneys for Defendant-Appellant*
11. Kula, Esq., Elliot B., *Attorney for Defendant-Appellant*

C1 of 2

12. *Malvin, Tamara S., Esq., *Attorney for Defendant-Appellant*
13. Quintairos Prieto Wood & Boyer, PA, *Attorneys for Defendant-Appellant*
14. Tarlow, Esq., David Michael, *Attorney for Defendant-Appellant*

**Other Interested Parties**

15. Florida Board of Medicine
16. Florida Board of Pharmacy
17. Florida Department of Health
18. Walgreens Boots Alliance (Defendant-Appellant's Parent Company)

*\* - no longer involved in representation*

Pursuant to Federal Rule of Appellate Procedures 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, I hereby certify that there are no publicly traded corporations, stock, equities, debts or corporate disclosures for Plaintiff-Appellee, Courtney Morgan, M.D., who is an individual.

/s/ Andrew L. Schlafly
Andrew L. Schlafly, Esq.

/s/ Erica Chaplin
Erica Chaplin, Esq.

*Counsel for Plaintiff-Appellee*

Plaintiff-Appellee Courtney Morgan, M.D., hereby responds in opposition to Walgreen ("Walgreens") Co.'s Motion to Voluntarily Dismiss Appeal as Moot. (Doc. 33)

## ARGUMENT

Walgreens is incorrect in arguing that the action taken by the district court below moots this appeal. Walgreens' own leading authority states that:

> [Dismissal by a district court] did not divest this Court of its jurisdiction over the interlocutory appeal of the preliminary injunction. *See generally Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 74 L. Ed. 2d 225, 103 S. Ct. 400 (1982) (per curiam). Although the injunction itself did not survive the grant of summary judgment and dismissal, *Cypress Barn, Inc. v. Western Electric*, 812 F.2d 1363 (11th Cir. 1987), we still have jurisdiction over this appeal. *Cf. University of Texas v. Camenisch*, 451 U.S. 390, 68 L. Ed. 2d 175, 101 S. Ct. 1830 (1981) (fact that ***preliminary injunction itself is moot does not moot appeal from grant of preliminary injunction***).

*Alabama v. United States EPA*, 871 F.2d 1548, 1553-54 (11th Cir. 1989) (emphasis added, cited by Walgreens' Mot. 2).

A contrary result would grant a district court an unwarranted power to thwart an appeal of its own decision. Once a matter is appealed, which in this case was an appeal from a preliminary injunction below, the matter takes on a separate, independent, and continuing life in this court under the applicable federal statute governing the appeal, which is 28 U.S.C. § 1292(a)(1) here. As explained above in binding precedent, the "fact that [a] preliminary injunction itself is moot does not moot appeal from grant of [a] preliminary injunction." *Alabama*, quoted *supra*.

1

Notably, the district court below did not expressly terminate the preliminary injunction. Instead, the district court suggested that Appellee Dr. Morgan refile his case in state court while adding Florida as an additional co-defendant:

> Further, as the Court previously noted in its Order Granting Motion to Dismiss, Plaintiff has alternative forums in which to litigate this matter, including Florida state court and possibly the Florida Board of Pharmacy.

(11th Cir. Doc. 31, at 9; Dist. Ct. D.E. 73, at 4) It is ambiguous whether the district court intended for the preliminary injunction to remain in effect until Dr. Morgan could obtain relief in state court, or obtain relief on appeal here.

The opening and response briefs have already been filed in this case in this Court, and Walgreens never provides a justification for short-circuiting this appeal prior to it reaching a merits panel. Even in the cases cited by Walgreens, it was typically the merits panel that addressed the mootness argument rather than a motions panel. *See, e.g.*, *Erie Ins. Exch. v. Md. Ins. Admin.*, 105 F.4th 145 (4th Cir. 2024) (decision by the merits panel, quoted by Walgreens Mot. 3).

As the appellant, Walgreens is free to move to dismiss its own appeal on grounds other than mootness, but only in compliance with Rule 42(b) of the Federal Rules of Appellate Procedure and 11th Circuit Rule 42-1(a), and only "on terms … fixed by the court." FED. R. CIV. P. 42(b). Walgreens has failed to do that. Instead, Walgreens seeks dismissal on only the grounds of mootness, which has implications for the precedential value of the preliminary injunction issued below. Dismissal

2

based on the alleged grounds of mootness over this live appeal, over which this Court has clear statutory jurisdiction, is unwarranted.

Walgreens' citations in its Motion to six additional decisions are all unavailing to it here. Walgreens relies on *Cypress Barn, Inc. v. Western Elec. Co.*, 812 F.2d 1363 (11th Cir.1987) (Walgreens Mot. 2), but mootness of an appeal as argued by Walgreens here was not an issue in that case. Instead, it concerned an improper order of civil contempt, which this Court vacated. *Id.* at 1364 ("That portion of the district court's order holding Smith Barney in civil contempt is VACATED.").

Walgreens then turns to a Tenth Circuit decision holding that a preliminary injunction terminated with an entry of final judgment. *U.S. ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir. 1988) (quoted by Walgreens Mot. 3). In contrast with here, in that Tenth Circuit case "[t]he district court entered the final judgment a few days after the preliminary injunction. That judgment superseded the preliminary injunction **and was the subject of this appeal**." *Id.* (emphasis added). Here, Walgreens' appeal of the preliminary injunction was separate and long before any future appeal of the final judgment.

Walgreens' additional four citations are even further afield, and irrelevant here. In *Univ. of Tex. v. Camenisch*, 451 U.S. 390 (1981), the Supreme Court observed that "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Id.* at 395. But

3

that is not the ***only*** purpose of a preliminary injunction, as this Court has explained. "The purpose of a preliminary injunction is to ***prevent irreparable injury*** so as to preserve the court's ability to render a meaningful decision on the merits." *United States v. Alabama*, 791 F.2d 1450, 1459 (11th Cir. 1986) (emphasis added). In this case, the district court contemplated Appellee Dr. Morgan seeking "a meaningful decision on the merits" from state court, and the district court may have intended for the preliminary injunction to remain in effect to prevent irreparable harm to Dr. Morgan until he could obtain such relief in state court or from this Court on appeal.

The Ninth Circuit precedent cited by Walgreens confirms this, as quoted by Walgreens itself: "A preliminary injunction ... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the ***irreparable loss of rights*** before judgment." *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) (Walgreens Mot. 3, emphasis added). No such judgment on the merits has occurred in Dr. Morgan's case as the district court merely dismissed his case below for him to refile in state court. The district court's preliminary injunction was intended to protect Dr. Morgan against an irreparable loss of rights prior to a decision on the merits, which has not yet occurred.

As to Walgreens' reliance on a Fourth Circuit decision, it too is unhelpful to Walgreens' motion to dismiss for mootness. *Erie Ins. Exch. v. Maryland Ins. Admin.*, 105 F.4th 145 (4th Cir. 2024) (Walgreens Mot. 3). The dispositive procedural

4

posture there was that "[t]his case thus comes to us as an appeal of the district court's final decision dismissing Erie's complaint, not as an appeal of an interlocutory order denying interim injunctive relief." *Id.* at 148.

Finally, in a footnote Walgreens relies on the unpublished *Zinman v. Nova Southeastern Univ.*, No. 21-11711-JJ, 2021 WL 7160514, *1 (11th Cir. Dec. 3, 2021) (cited by Walgreens Mot. 1). There a merits panel of this Court reviewed two pending appeals, one from an interlocutory order and the other from a final judgment, and it dismissed the appeal from the interlocutory order in favor of taking the appeal from the final judgment with instructions that it could include litigation of the interlocutory appeal also. That decision did not address the controlling *Alabama v. United States EPA* precedent discussed above.

Walgreens' citation to a treatise is further unhelpful to it here, because its quoted statement from the treatise is that "a preliminary injunction normally lasts until the completion of the trial on the merits, unless it is dissolved earlier by court order or the consent of the parties." 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2947 (3d ed. 2013 & Supp. 2024) (quoted by Walgreens Mot. 3 n.2). There has not been a trial on the merits below, and the preliminary injunction at issue here on appeal was not dissolved by a court order or by the consent of the parties. So none of the conditions

5

for the termination of a preliminary injunction exists here, under Walgreens' own quoted authority.

The district court lacks authority to decide this court's appellate jurisdiction, and the pendency of this case on appeal prevents an automatic termination of the preliminary injunction below. If a district court could moot a pending appeal by finding that the district court lacked subject matter jurisdiction, then the district court could improperly encroach on appellate authority by mooting many troublesome appeals of its decision-making. Fortunately, appellate jurisdiction is independent of the district court and not subservient to changes in approach taken by a district court while an appeal is pending.

More generally, the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *See, e.g.*, *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 378 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). The Supreme Court in *Griggs* held that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and **divests the district court of its control over those aspects of the case involved in the appeal**." 459 U.S. at 58 (emphasis added). *See also United States v. Rogers*, 788 F.2d 1472, 1475 (11th Cir. 1986) ("Because the district court found that [defendant's] double jeopardy motion was non-frivolous,

6

the district court did not retain jurisdiction when Rogers filed his notice of appeal."). Accordingly, the district court was divested of jurisdiction over aspects of this case related to this pending appeal when Walgreens filed its notice of appeal. This appeal should proceed.

## CONCLUSION

Plaintiff-Appellee Dr. Morgan respectfully requests that this Court deny Walgreens' motion to voluntarily dismiss this appeal as moot.

Dated:  June 2, 2025

Respectfully submitted,

/s/ Andrew L. Schlafly
Andrew L. Schlafly, Esq.
LAW OFFICE OF ANDREW L. SCHLAFLY
939 Old Chester Road
Far Hills, NJ 07931
Tel: (908) 719-8608
Fax: (908) 934-9207
Email: aschlafly@aol.com

/s/ Erica Chaplin
Erica Chaplin, Esq.
ANDERSON & WELCH, LLC
500 S. Australian Ave., 6th Flr
West Palm Beach, FL 33401
Tel: (561) 832-3386
Fax: (561) 820-4867
Email: chaplinlaw@gmail.com
andewelch@andersonandwelch.com

*Counsel for Plaintiff-Appellee, Courtney Morgan, M.D.*

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements:

1. This Response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this Response contains 1,621 words excluding the parts exempted by Fed. R. App. P. 32(f).

2. This Response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this Response has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

Dated: June 2, 2025

/s/ Andrew L. Schlafly
*Counsel for Plaintiff-Appellee*

## CERTIFICATE OF SERVICE

    I hereby certify that, on this 2nd day of June, 2025, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which I understand thereby serves counsel of record for all the parties.

/s/ Andrew L. Schlafly
Andrew L. Schlafly
*Counsel for Plaintiff-Appellee*